**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1592-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GEORGE KACPRZYKOWSKI,

    Defendant-Appellant.

_____

> Argued August 29, 2018 – Decided October 3, 2018
>
> Before Judges Alvarez and Gooden Brown.
>
> On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 09-11-2830.
>
> Justin T. Loughry, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Justin T. Loughry, on the briefs).
>
> John J. Lafferty, IV, Assistant Prosecutor, argued the cause for respondent (Damon G. Tyner, Atlantic County Prosecutor, attorney; John J. Lafferty, IV, of counsel and on the brief).

PER CURIAM

Defendant George Kacprzykowski appeals from the August 3, 2016 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

An Atlantic County grand jury indicted defendant for second-degree theft by deception, N.J.S.A. 2C:20-4 (count one); two counts of third-degree theft by failure to make required disposition, N.J.S.A. 2C:20-9 (counts two and three); two counts of third-degree forgery, N.J.S.A. 2C:21-1(a)(2) (counts four and five); and two counts of third-degree uttering a forged instrument, N.J.S.A. 2C:21-1(a)(3) (counts six and seven). The charges stemmed from defendant, who was then a licensed real estate agent, misappropriating funds in excess of $75,000 given to him by the victim in connection with various real estate transactions.

On November 30, 2009, defendant entered a negotiated guilty plea to count one, as amended to third-degree theft by deception. Defendant agreed to pay restitution in the amount of $77,500 and to waive his right to appeal. In exchange, in addition to amending count one and moving to dismiss the remaining counts in the indictment at sentencing, the State agreed to recommend

a non-custodial probationary sentence.[1]  During the plea colloquy, defendant admitted that between May 2004 and June 2005, he received deposits from the victim, which he claimed were held in escrow, but were instead deposited into defendant's personal account and spent.  Defendant admitted that he never returned the deposits to the victim when the real estate transactions never materialized.  Defendant also received money from the victim and deceived him into believing that he (the victim) was investing as a partner in a company specializing in purchasing large commercial properties and selling them at a profit.  On January 29, 2010, in accordance with the terms of the plea agreement, defendant was sentenced to serve five years probation and ordered to pay $77,500 in restitution.

On May 5, 2014, the trial court denied defendant's motion for a reduction of the restitution amount, noting that the application "started out as a motion for post-conviction relief."  In an oral decision, the court determined that neither the "checks" defendant claimed he paid to the victim prior to the plea agreement nor the "business expenses" he claimed he incurred in connection with their

---

[1]  Because defendant had a prior indictable conviction, he was not entitled to the presumption of non-incarceration applicable to most third-degree first-time offenders.  N.J.S.A. 2C:44-1(e).

A-1592-16T4

purported real estate company were "proper setoff[s]" to the restitution ordered pursuant to the plea agreement. On July 1, 2014, the court again denied defendant's motion for reconsideration of sentence for the same reasons, noting that defendant "failed to submit any new information" that was not already considered at the restitution hearing.

Defendant appealed the July 1, 2014 order, which was considered on the excessive sentencing oral argument calendar pursuant to Rule 2:9-11. In an order dated April 15, 2015, we affirmed the July 1, 2014 order "denying defendant's motion for modification of the amount of restitution owed, substantially for the reasons stated by the trial judge in his oral decision of May 5, 2014." We added, however, that because "there were no facts in the record by way of certifications to support the claim made in the motion[,]" our affirmance was "without prejudice to a renewal of an application for post-conviction relief with respect to the issue of representation by defense counsel at the plea."

On February 16, 2016, defendant filed the present PCR application, asserting that his attorney was ineffective for advising him to accept the plea and accede to the restitution amount without adequately explaining his defense to the charge. In his supporting certification, defendant averred that he and the

4

victim "agreed to be partners to invest in commercial properties," and "formalized [their] relationship in June 2005 with the creation of a limited liability company." According to defendant, the LLC issued promissory notes to the victim for all the monies the victim invested, both before the LLC was formally created and after.

Defendant asserted that his plea counsel failed to examine all the relevant documents, including the LLC's operating agreement and promissory notes totaling $85,500, in order to demonstrate to the court and the prosecuting attorney that any demand for restitution that included the amounts invested by the victim pursuant to their LLC agreement was excessive and without legal support. According to defendant, his attorney's performance was deficient because he failed to draw a distinction between the $20,000 the victim entrusted to him personally in his capacity as an employee of a real estate brokerage office and which he admittedly failed to hold in escrow, and later investments by the victim into the LLC for which defendant should not have been personally liable.

Following oral argument, in an August 3, 2016 written opinion, the PCR court denied the application without an evidentiary hearing, finding defendant failed to "present a prima facie case of ineffective assistance of trial counsel" to

satisfy his burden under both prongs of the Strickland/Fritz[2] test. Procedurally, the court determined that defendant's claim was barred under Rule 3:22-4(a), barring claims not raised in prior proceedings, because he "litigated the issue of restitution on two previous occasions, on May 5, [2014] . . . on motion to reconsider, and on April 15, 2015, on a direct appeal." According to the court, "[d]efendant is now attempting to litigate what essentially is the same exact issue, to change the amount of restitution, through an ineffective assistance of counsel claim."

Turning to the merits, the court concluded that defendant failed to demonstrate that his "counsel was ineffective" or "that he was prejudiced by counsel's performance." The court reviewed numerous documentary exhibits submitted by defendant to support his claim and concluded that the documents did not support a corporate veil defense. According to the court, "the existence of [a] LLC does not make the [defendant] untouchable under criminal law, where he committed fraud, misappropriation and theft on multiple occasions." The court continued "[w]here the members of [a] LLC or corporation engage in

---

[2] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

A-1592-16T4

deliberate unlawful conduct, the corporate veil can be pierced warranting personal liability by the shareholders."

In support, the court relied on a series of cases in which New Jersey courts pierced the corporate veil of a closely held corporation or a limited partnership to impose liability on a partner individually who "used the limited partnership to perpetrate a fraud, injustice, or otherwise circumvent the law." The court concluded:

> The case at hand falls within the exceptions created by New Jersey courts to pierce [the] corporate veil. The [defendant] engaged in deliberate unlawful conduct. The [defendant] admitted that he misappropriated the deposit money provided by the victim. The sole purpose of creating the LLC seems to be to defraud the victim out of money without raising suspicion. However, the money provided by the victim [was] never placed into a trust account or in an escrow but was deposited into the [defendant's] personal bank accounts. The [defendant's] conduct is exactly the kind that was contemplated by the courts, when they created an exception that permitted personal liability of corporate members. . . . The [c]ourt finds that the presented materials do not demonstrate that the money extended by the victim was lost through efforts to purchase the property as intended by the LLC agreement. The [defendant] has previously admitted that he placed the money in his personal bank account and subsequently spent the money for personal use. The documents presented do not negate that admission.
>
> Consequently, even if the trial counsel did advise the [defendant] that the LLC['s] status would protect

him from personal liability[,] that information under the circumstances would have been inaccurate and could have potentially cause[d] more harm to the [defendant's] case. . . .

Therefore, the [c]ourt finds that the [defendant] was not prejudiced by the trial counsel's failure to explore the defense of the "corporate shield." The defense would have been rejected by the trial court if it was presented at the time of his plea.

"[I]n evaluating the reasons for counsel's advice, as well as the credibility of defendant's statement that he would not have pled guilty," the court also considered "the strength of the State's case" and concluded "that the State had sufficient evidence to convict the [defendant] on all of the counts charged." The court pointed out that

[t]here were statements by the [defendant's] former real estate employer regarding his failure to place the deposit money in escrow. There are promissory notes from the [defendant] to the victim for both personal and LLC loans. The [defendant's] conduct had a sufficient paper trail to convict him on the charged offenses. The [c]ourt finds that the [defendant] made a well[-]informed and weighted decision to take a plea to avoid potential sentence exposure which included incarceration.

The court also rejected defendant's argument that "his plea was uninformed because his attorney failed to present him with potential defense options." On the contrary, the court found that defendant's plea "was voluntary,

8

well informed, and reasonable in . . . light of the charges, potential exposure, and the strength of the State's case."  The court explained:

> Considering that the [defendant] took a plea where he agreed to a term of probation and restitution as opposed to [a] prison sentence, fine, and restitution, which he was exposed to in case of a trial, the [c]ourt finds that it would be highly unlikely that the [defendant] would proceed to trial . . . as the chances of success on the merits of the case were extremely low.

This appeal followed.

On appeal, defendant raises the following points for our consideration:

> POINT I[3]
> THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR PCR WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO APPRISE HIM REGARDING THE EXISTENCE OF CERTAIN DEFENSES TO THE RESTITUTION ISSUE.
>
> POINT II
> THE PCR COURT ERRED IN DENYING RELIEF WITHOUT A HEARING BECAUSE THE DEFENDANT PRODUCED SUFFICIENT EVIDENCE THAT IF BELIEVED, WOULD AT MINIMUM ESTABLISH A PRIMA FACIE CASE OF IN[]EFFECTIVE ASSISTANCE OF COUNSEL, AND THE COURT'S FINDINGS TO THE CONTRARY PARTAKE OF FACTFINDING AND CREDIBILITY

---

[3]  We have consolidated Points I and II in defendant's brief for clarity.

DETERMINATIONS THAT HAVE NO PLACE WITHOUT A PLENARY HEARING.

POINT III
<u>THE COURT ERRED IN INVOKING [<u>RULE</u>] 3:22-4 TO PROCEDURALLY BAR THIS PCR.</u>

Merely raising a claim for PCR does not entitle the defendant to an evidentiary hearing. <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. <u>R.</u> 3:22-10(b); <u>State v. Porter</u>, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. <u>See</u> <u>R.</u> 3:22-10; <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992).

To establish a prima facie claim of ineffective assistance of counsel,

> a defendant must satisfy two prongs. First, he must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."
>
> Second, a defendant "must show that the deficient performance prejudiced the defense." . . . The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the

10

> proceeding would have been different." A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (quoting Strickland, 466 U.S. at 687-88, 694 and Fritz, 105 N.J. at 52).]

To set aside a guilty plea based on ineffective assistance of counsel, "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases;' and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). In other words, the defendant must show that not pleading guilty would have been "rational under the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Applying these principles, we conclude that defendant failed to establish a prima facie case of ineffective assistance of counsel to warrant PCR or an evidentiary hearing because the existing record was sufficient to resolve the claims presented. We affirm substantially for the reasons the PCR court expressed in its comprehensive written opinion. Like the PCR court, we are

11

unpersuaded that defendant would have taken the risk of going to trial on all the counts charged in the indictment in light of the strength of the State's case and the more severe sentence he would have surely faced if he was convicted of a second-degree offense. Because the PCR court addressed the merits of defendant's claims, and correctly determined that defendant had not been denied the effective assistance of counsel, we need not address defendant's argument that the court erred by finding that his claims were barred by Rule 3:22-4.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1592-16T4